FILED

APR 2 8 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LAFONSO ROLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | Case **05C 2532** |
| v. | ) | |
| | ) | Judge |
| P.O. G. HAMILTON #17379, P.O. D. | ) | |
| LEMIEUX #17052, DETECTIVE | ) | Magistrate Judge JUDGE BUCKLO |
| DONALD P. MCGRATH #20604, | ) | |
| DETECTIVE RAYMOND G. | ) | Jury Demand |
| KRAKAUSKY #20412 and other | ) | MAGISTRATE JUDGE DENLOW |
| Unknown Chicago Police Officers, | ) | |
| Individually, | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT

NOW COMES the Plaintiff, Lafonso Rollins, by his attorneys, Robert W. Fioretti and John Lower of Fioretti & Lower, Ltd., Lonny Ben Ogus, and Gregory E. Kulis and Associates, Ltd., and complains against the Defendants, P.O. G. Hamilton #17379 ("Hamilton"), P.O. D. Lemieux #17052 ("Lemieux"), Detective Donald P. McGrath #20604 ("McGrath"), Detective Raymond G. Krakausky #20412 ("Krakausky") and other unknown Chicago Police Officers ("Unknown Officers"), individually, as follows:

### JURISDICTION

1. This is a civil action brought pursuant to the Laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of Plaintiff Lafonso Rollins, and accomplished by acts and/or omissions of the Defendants, committed under color of law.

2. Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

**The Parties**

3.      At all relevant times, Plaintiff Lafonso Rollins was a resident of Chicago, Cook County, Illinois.

4.      At all relevant times, Defendants Hamilton, Lemieux, McGrath, Krakausky and Unknown Officers were police officers with the Chicago Police Department and acting under color of law and within the scope of their employment with the City of Chicago.

Statement of Facts Common to All Counts

5.      On January 29, 1993, Plaintiff Rollins was a juvenile who was 17 years old and a 9th grade Special Education student.

6.      On January 29, 1993, Plaintiff Rollins went to 6360 S. Minerva, in Chicago, Illinois to visit a friend that resided at that address.

7.      On January 29, 1993, at about 10:30 am, at 6360 S. Minerva, Plaintiff Rollins was detained by Defendant Hamilton and Defendant Lemieux.

8.      Plaintiff Rollins was subjected to a field interview regarding crimes that had allegedly been committed.

9.      Plaintiff Rollins denied any knowledge or involvement in the crimes described by Defendant Hamilton and Defendant Lemieux.

10.     Plaintiff Rollins was not committing any crimes or doing anything to give any reasonable police officer any belief that he was committing a crime.

11.     Plaintiff Rollins was then presented to several victims who stated the Plaintiff was not the perpetrator of the attacks upon them.

12.     Despite the victims' inability to identify Plaintiff Rollins and his denial in any crimes, Plaintiff Rollins was arrested and transported to the police department, District 3.

2

13.     At the police department, Plaintiff Rollins continued to deny his involvement in any crimes.

14.     Despite the fact that the Plaintiff was a minor, the Defendants did not notify his guardians of his arrest or provide the Plaintiff with a youth or juvenile officer.

15.     Plaintiff Rollins was placed in more than one line-up at District 3.

16.     No victims were able to identify him.

17.     During the questioning, Defendant Hamilton and another Defendant officer used excessive force on the Plaintiff and threatened the Plaintiff.

18.     Due to the Defendants' coercion, force and threats, the Plaintiff fabricated a statement that he was involved in the crimes committed.

19.     Plaintiff Rollins was then taken to Area 2 Violent Crimes, a police department facility.

20.     At Area 2, Defendant McGrath and Defendant Krakausky questioned Plaintiff Rollins.

21.     Despite the fact the Plaintiff was a minor, the Defendants did not contact the Plaintiff's guardians or provide the Plaintiff with a youth or juvenile officer during the questioning.

22.     Despite the fact that the victims said Plaintiff Rollins was not the perpetrator, Defendants McGrath and Krakausky began questioning Plaintiff Rollins about a crime allegedly committed at 6360 S. Minerva.

23.     During the questioning, Defendant Krakausky and other Defendant officers used excessive force on the Plaintiff and threatened him.

24.    Plaintiff Rollins initially and repeatedly denied any involvement in any crime being investigated that had allegedly occurred at 6360 S. Minerva, Chicago, Illinois.

25.    At Area 2, Plaintiff Rollins was placed in another lineup.

26.    Victim A did not identify Plaintiff Rollins as her assailant.

27.    At some point during the interrogation, Plaintiff Rollins agreed to submit samples of his blood, hair, saliva and semen for testing.

28.    The Defendant officers told Plaintiff Rollins the samples would be tested and if the tests showed that he was not the perpetrator, he would be released and not charged.

29.    Therefore, Plaintiff Rollins executed a waiver for a blood, hair, saliva and semen sample to be taken from him.

30.    Plaintiff Rollins was taken to Roseland Hospital where he gave blood, hair, saliva and semen samples which were collected by the agents of the City Of Chicago.

31.    The Plaintiff's samples were not tested to determine if they matched evidence recovered from the scenes of the crime.

32.    The Plaintiff's samples could have been tested against the evidence recovered but the Defendants failed to take any steps to substantiate the Plaintiff's involvement in the crimes.

33.    Instead, Defendants McGrath and Krakausky unduly influenced, through excessive force, intimidation, threats, and misrepresentations, the Plaintiff to the point where he admitted, under coercion, to the crimes against Victim A and other victims.

34.    As a result of his coerced confession, the Plaintiff was charged with various serious crimes.

<u>4</u>

35. The Defendants filed multiple false reports that included false information about what the Plaintiff said and did during the time of his interrogation about the numerous crimes.

36. These Defendants turned over the false reports to the Cook County States Attorney's Office, who used them to obtain multiple indictments against the Plaintiff, to cause a high bond to be set and additionally, used them at the Plaintiff's criminal trial.

37. The Defendants refused to turn over or test the Plaintiff's samples and DNA evidence taken from the Plaintiff.

38. Due to the Defendants' unlawful acts, Plaintiff Rollins was forced to hire an attorney to defend himself against the false criminal charges place against him.

39. Prior to trial, the Defendants and the Chicago Police Department were given the blood and saliva sample taken from Plaintiff Rollins.

40. The Plaintiff had a trial on the criminal charges relating to Victim A in the Circuit Court of Cook County.

41. Defendant McGrath testified in the Plaintiff's criminal trial.

42. During the criminal trial, evidence was presented that the perpetrator had wiped his penis on Victim A's pillow after ejaculation and that the pillow contained spermatozoa.

43. There was no evidence at trial that connected the spermatozoa to Plaintiff Rollins.

44. No report as to the spermatozoa's profile was ever disclosed to Plaintiff Rollins's attorney at the criminal case.

45.    If the profile had been disclosed, it would have proven that the semen on Victim
A's pillow was not from Plaintiff Rollins and the charges against Plaintiff Rollins would
have been dismissed or he would have been acquitted.

46.    Instead, a jury found Plaintiff Rollins guilty of all charges as to Victim A.

47.    The Plaintiff's conviction rested on Victim A's testimony which was coerced by
the Defendants.

48.    Prior to his arrest on January 29, 1993 Plaintiff Rollins had no criminal
background.

49.    Plaintiff Rollins was sentenced to 60 years in jail for armed robbery, 20 years in
jail for home invasion, to run concurrently, and 15 years in jail for aggravated criminal
sexual assault, to run consecutively.

50.    It was not until June 22, 2004 that the Illinois State Crime Lab reported that a test
of the Plaintiff's DNA compared with the material on the pillow taken from Victim A's
house, upon which the perpetrator had wiped his penis after ejaculating, excluded Rollins
as the perpetrator.

51.    Plaintiff remained under the control and custody of the Illinois Department of
Corrections because of the sentences imposed on him until July 12, 2004.

52.    On July 12, 2004, the Circuit Court of Cook County dismissed all charges against
the Plaintiff for any acts towards Victim A and as to any of the other indictments.

53.    The Plaintiff was in custody for a total of 4,193 days.

54.    The Cook County States Attorney's Office did not object to the dismissal and
agreed that Plaintiff Rollins should be immediately released from his incarceration and on

January 6, 2005, the Plaintiff received an executive pardon from the Governor of the State of Illinois, pursuant to Illinois law, based on the grounds of actual innocence.

55.     The Defendants have acted in deliberate violation of and with willful and wanton disregard for the rights of Rollins.

56.     Due to his incarceration from January 29, 1993 up to July 12, 2004, Plaintiff Rollins was forced to discontinue his education causing him to suffer a loss of the ability to support himself and a loss of his ability to pursue his chosen livelihoods.

57.     Due to his arrest, prosecution and incarceration, Plaintiff Rollins' reputation was damaged, causing him to suffer pecuniary loss, severe psychological damage, severe emotional anguish and physical damage.

58.     As a direct result of the conduct of the Defendants, Rollins has been deprived of his right to due process in violation of the Fourth and Fourteenth Amendments of the United Sates Constitution and 42 U.S.C. §1983.

## COUNT I -FALSE ARREST

59.     Plaintiff repeats and realleges paragraphs No. 1-58 as if fully set forth herein.

        WHEREFORE, Plaintiff Rollins demands judgment in an amount in excess of Five Million Dollars ($5,000,000.00) in compensatory damages, jointly and severally, against Defendants Hamilton, Lemieux, McGrath, Krakausky and Unknown Officers, and Five Million Dollars ($5,000,000.00) in punitive damages against Defendants Hamilton, Lemieux, McGrath, Krakausky and Unknown Officers, plus reasonable attorney's fees and costs.

## COUNT II- EXCESSIVE FORCE

60.     Plaintiff repeats and realleges paragraphs 1-59 as if fully set forth herein.

WHEREFORE, Plaintiff Rollins demands judgment in an amount in excess of Five Million Dollars ($5,000,000.00) in compensatory damages, jointly and severally, against Defendants Hamilton, Lemieux, McGrath, Krakausky and Unknown Officers, and Five Million Dollars ($5,000,000.00) in punitive damages against Defendants Hamilton, Lemieux, McGrath, Krakausky and Unknown Officers, plus reasonable attorney's fees and costs.

## COUNT III – FALSE ARREST (ILLINOIS LAW)

61.     Plaintiff repeats and realleges paragraphs 1-60 as if fully set forth herein.

WHEREFORE, Plaintiff Rollins demands judgment in an amount in excess of Five Million Dollars ($5,000,000.00) in compensatory damages, jointly and severally, against Defendants Hamilton, Lemieux, McGrath, Krakausky and Unknown Officers, Five Million Dollars ($5,000,000.00) in punitive damages against Defendants Hamilton, Lemieux, McGrath, Krakausky and Unknown Officers, plus reasonable costs.

## COUNT IV - MALICIOUS PROSECUTION- ILLINOIS LAW

62.     Plaintiff repeats and realleges paragraphs 1-61 as if fully set forth herein.

WHEREFORE, Plaintiff Rollins demands judgment in an amount in excess of Five Million Dollars ($5,000,000.00) in compensatory damages, jointly and severally, against Defendants Hamilton, Lemieux, McGrath, Krakausky and Unknown Officers, and  Five Million Dollars ($5,000,000.00) in punitive damages against Defendants Hamilton, Lemieux, McGrath, Krakausky and Unknown Officers, plus reasonable costs.

## COUNT V -INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS- ILLINOIS LAW

63.     Plaintiff repeats and realleges paragraphs 1-62 as if fully set forth herein.

WHEREFORE, Plaintiff Rollins demands judgment in an amount in excess of Five Million Dollars ($5,000,000.00) in compensatory damages, jointly and severally, against Defendants Hamilton, Lemieux, McGrath, Krakausky and Unknown Officers, and Five Million Dollars ($5,000,000.00) in punitive damages against Defendants Hamilton, Lemieux, McGrath, Krakausky and Unknown Officers, plus reasonable costs.

## JURY DEMAND

The Plaintiff, Lafonso Rollins, requests a trial by jury.

Respectfully submitted,

_____
Robert W. Fioretti

_____
John Lower

_____
Lonny Ben Ogus

_____
Gregory E. Kulis

Robert W. Fioretti
John Lower
Fioretti & Lower
39 S. LaSalle St., Suite 1400
Chicago, IL 60603
(312) 332-7374

Gregory E. Kulis and Associates
30 North LaSalle St., Suite 2140
Chicago, Illinois 60602
(312) 580-1830

Lonny Ben Ogus
Attorney at Law
39 S. LaSalle St., Suite 1400
Chicago, IL 60603
(312) 332-7374